FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

07 AUG 20 PM 3: 25

OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 8:07CR85 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **PLEA AGREEMENT** |
| JOHN H. MONETTI, | ) | |
| | ) | |
| Defendant. | ) | |

The United States of America and Defendant, JOHN H. MONETTI agree to the following:

## NATURE OF CRIME AND PENALTIES

1. The Defendant will plead guilty to Counts II and III of the Indictment. Counts II and III charge a violation of Title 18, United States Code, Section 2423(b). The Defendant understands that by entering this plea of guilty as to Counts II and III, the Defendant is exposed on each count to imprisonment of not more than 30 years, a fine of $ 250,000, both such fine and imprisonment, a term of supervised release of at least 5 years, and a $100 special assessment.

2. In exchange for the Defendant's plea of guilty as indicated above, the United States agrees as follows:

    a. The United States will move to dismiss Counts I, IV, and V at the time of sentencing.

## COOPERATION PROVISIONS

3.  Cooperation by the Defendant with the United States is not anticipated by this agreement, and the Defendant understands that a different document would have to be signed should both parties desire the Defendant to cooperate in the future.

## BREACH OF AGREEMENT

4.  Should it be concluded by the United States that the Defendant has violated this plea agreement, the Defendant understands and agrees the Defendant shall then be subject to prosecution for any federal, state, or local criminal violation and any crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted. Any such prosecution(s) may be premised upon any information, statement, or testimony provided by the Defendant. Any statement or other information provided by the Defendant may be used against the Defendant in the event of the Defendant's breach of this agreement. By signing this agreement, the Defendant expressly waives the Defendant's objection to the use of any such statements, testimony, or other information to which the Defendant may otherwise be entitled to object in any federal prosecution.

5.  In the event the Defendant violates any term or condition of this agreement, the Defendant shall not, because of such violation of this agreement, be allowed to withdraw the Defendant's plea of guilty.

## SENTENCING ISSUES

6.  Unless otherwise stated, all agreements as to Sentencing Issues are made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).

    a.  The parties agree that the Court will sentence the Defendant to a term of imprisonment of 144 months, and a 5 year term of supervised release.

b.  The Defendant acknowledges restitution will be ordered as a part of the sentence in this case, and the Defendant agrees the Court will order restitution for medical and psychological expenses incurred to date as well as in to the future.

## SCOPE OF THE AGREEMENT AND OTHER PROVISIONS

7.  This agreement is limited to the United States Attorney's Office for the District of Nebraska, and does not bind any other federal, state or local prosecuting authorities. *Please see attached e-mail incorporated by reference herein.*

8.  By signing this agreement, the Defendant agrees that the time between the date the Defendant signs this agreement and the date of the guilty plea will be excluded under the Speedy Trial Act. The Defendant stipulates that such period of delay is necessary in order for the Defendant to have opportunity to enter the anticipated plea of guilty, and that the ends of justice served by such period of delay outweigh the best interest of the Defendant and the public in a speedy trial.

9.  The Defendant agrees that all information known by the office of United States Pretrial Services may be used by the Probation Office in submitting its pre-sentence report, and may be disclosed to the Court for purposes of sentencing.

10. The United States may use against the Defendant any disclosure(s) the Defendant has made pursuant to this agreement in any civil proceeding. Nothing contained in this agreement shall in any manner limit the Defendant's civil liability which may otherwise be found to exist, or in any manner limit or prevent the United States from pursuing any applicable civil remedy, including but not limited to remedies regarding asset forfeiture and/or taxation.

11. Pursuant to 18 U.S.C. § 3013, the Defendant will pay to the Clerk of the District Court the mandatory special assessment of $100.00 for each felony count to which the Defendant pleads guilty. The Defendant will make this payment at or before the time of sentencing.

12. By signing this agreement, the Defendant waives the right to withdraw the Defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d).

13. The Defendant hereby knowingly and expressly waives any and all rights to appeal the Defendant's conviction in this case, including a waiver of all motions, defenses, and objections which the Defendant could assert to the charges or to the Court's entry of Judgment against the Defendant, including review pursuant to 18 U.S.C. § 3742 of any sentence imposed.

The Defendant further knowingly and expressly waives any and all rights to contest the Defendant's conviction in any post-conviction proceedings, including any proceedings under 28 U.S.C. § 2255, except:

(a) The right to timely challenge the Defendant's conviction and the sentence of the Court should the Eighth Circuit Court of Appeals or the United States Supreme Court later find that the charge to which the Defendant is agreeing to plead guilty fails to state a crime.

(b) The right to seek post conviction relief based on ineffective assistance of counsel, or prosecutorial misconduct, if the grounds for such claim could not be known by the Defendant at the time the Defendant enters the guilty plea contemplated by this plea agreement.

14. This agreement ends all plea discussions. No promises, agreements or conditions have been entered into other than those set forth in this agreement, and none will be entered into unless in writing and signed by all parties.

15. This agreement may be withdrawn by the United States at any time prior to its being signed by all parties.

UNITED STATES OF AMERICA

JOE W. STECHER
United States Attorney

8/19/07
Date

*(signature)*
MICHAEL P. NORRIS
Assistant United States Attorney
1620 Dodge Street, Suite 1400
Omaha, Nebraska 68102-1506
(402) 661-3700

8/20/07
Date

*(signature)*
JOHN H. MONETTI
DEFENDANT

8/19/07
Date

*(signature)*
CARLOS MONZON
ATTORNEY FOR DEFENDANT

Rev. 4/2007